MARK HEATH
Chapter 7 Trustee
PMB 111
1270 NORTH MARINE DRIVE, SUITE 101
TAMUNING, GUAM 96913
(671) 727-1919
guamtrustee@gmail.com

## THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM
## BANKRUPTCY DIVISION

| | |
|---|---|
| In re<br><br>P & E CONSTRUCTION, INC.,<br><br>          Debtor. | Bankruptcy Case No. 18-00026<br>(Chapter 7)<br><br>Hearing:<br>Date: May 18, 2018<br>Time: 9:30 a.m.<br>Judge: Hon. Frances M. Tydinco-Gatewood |

### CHAPTER 7 TRUSTEE'S MOTION TO AUTHORIZE SALE OF PERSONAL PROPERTY (SMALL TOOLS AND HEAVY EQUIPMENT) FREE AND CLEAR OF LIENS AND CLAIMS AND TO EMPLOY LIQUIDATOR AND ALLOW PAYMENT OF LIQUIDATOR'S FEE AND COSTS

Pursuant to Section 363(b) of the Bankruptcy Code, and Rule 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, Trustee Mark Heath ("Trustee"), the duly appointed trustee of the estate of P& E Construction, Inc., hereby moves the Court for an order:

1

1. Authorizing the Trustee to sell the Debtor's small tools and heavy equipment ("Sale Property") listed in the Declaration of Mark Heath by public auction or private sale free and clear of claims and interests, with the same (if any) to transfer and attach to the sales proceeds to the extent of any respective lien or claim prepetition priority, validity and amount.

2. Authorize and direct the Trustee to perform such acts as are reasonably necessary to effectuate the terms of the sale, including authorization to enter into sales letter agreements for each item of Personal Property sold in the form attached as **Exhibit "1"** to the Declaration of Mark Heath.

3. Authorizing the Trustee to employ SOUTH PACIFIC ASSET MANAGEMENT, INC. dba BLAKE'S CAR RENTAL ("**BLAKE's**" or "**Company**" or "**Proposed Liquidator**") to conduct a public auction or private sale of the Property, at a reasonable time and place without further notice or Order of this Court for a fee of 15% of the gross sales proceeds and costs of sale.

4. Authorizing the Trustee, without need of further Order of this Court, to disburse from the gross sales proceeds, payment to the Liquidator of its aforesaid fee and costs.

5. Authorize the Trustee to hold the balance of proceeds pending further Order of this Court.

6.     The Trustee requests that any Order approving the sale of the Sale Property include a finding by the Court that the notice given by the Trustee of this Motion to approve the sale is adequate and proper, and find that the buyer is in good faith pursuant to Section 363(m), and provide that, upon entry, the Order shall be final for all purposes, including appeal, and include a provision pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure that there shall not be a ten day stay from entry of the Order granting the Motion.

## I.     BACKGROUND

### Debtor's Property to be Sold

7.     On February 28, 2018, the Debtor filed a voluntary petition commencing a Chapter 7 bankruptcy case, Bk. Case No. 18-00026.

8.     The Debtor's property is listed on its Schedule A/B.

9.     The Debtor's Schedule A/B, Response to Question 22, identified $61,250 in tools and small equipment. The Trustee has completed an inventory of the tools and small equipment (the "**Small Tools**") as follows:

# P & E Construction Inc.
## Tools and Small Equipment

|    | Quantity | Description | Unit Price | Total Price |
|----|----------|-------------|------------|-------------|
| 1  | 1 | Haulotte Scissor Lift - 20 Feet | $ 10,000.00 | $ 10,000.00 |
| 2  | 1 | Haulotte Scissor Lift - 37 Feet | $ 13,000.00 | $ 13,000.00 |
| 3  | 1 | Snorklift | $ 15,000.00 | $ 15,000.00 |
| 4  | 1 | Ogura BC 25 - Bar Cutter | $ 500.00 | $ 500.00 |
| 5  | 1 | Husky Air Compressor 80 Gallon | $ 400.00 | $ 400.00 |
| 6  | 1 | Acetylene / Oxygen | $ 200.00 | $ 200.00 |
| 7  | 1 | Mikasa Power Trowel | $ 300.00 | $ 300.00 |
| 8  | 1 | Mikasa Power Trowel | $ 700.00 | $ 700.00 |
| 9  | 1 | Concrete Vibrator | $ 400.00 | $ 400.00 |
| 10 | 1 | Lawn Mower | $ 100.00 | $ 100.00 |
| 11 | 1 | Hilti Vacuum | $ 100.00 | $ 100.00 |
| 12 | 1 | Concrete Cutter | $ 800.00 | $ 800.00 |
| 13 | 1 | Water Blast | $ 500.00 | $ 500.00 |
| 14 | 2 | Bush Cutter | $ 100.00 | $ 200.00 |
| 15 | 3 | Concrete Mixer | $ 400.00 | $ 1,200.00 |
| 16 | 1 | Table Saw | $ 150.00 | $ 150.00 |
| 17 | 2 | Jumping Jack | $ 400.00 | $ 800.00 |
| 18 | 1 | Flat Tamper | $ 200.00 | $ 200.00 |
| 19 | 1 | Hilti Nail Gun | $ 400.00 | $ 400.00 |
| 20 | 1 | Ogura Bar Bender | $ 5,000.00 | $ 5,000.00 |
| 21 | 1 | Mikasa Walk Behind Roller | $ 4,000.00 | $ 4,000.00 |
| 21 | 1 | Welding / Generator | $ 800.00 | $ 800.00 |
| 22 | 500 | Shoring Jack | $ 12.00 | $ 6,000.00 |
| 23 | 1 | Teodolight | $ 500.00 | $ 500.00 |

10. The Debtor's Schedule A/B, Response to Question 50, identified 4 items of heavy machinery/equipment. The Trustee has completed an inventory of the heavy machinery/equipment (the "**Heavy Equipment**") as follows

| | YEAR | MAKE | MODEL | PLATE # | VIN # | | Fair Market Value | Fair Market Value |
|---|---|---|---|---|---|---|---|---|
| 1 | 1995 | FORD | STAKE TRUCK | 1148CV | 1FDNF80C2SVA02975 | | $ 9,000.00 | $ 10,000.00 |
| 2 | 2005 | JOHN DEERE | 410 BACKHOE | 655SEO | T0410JX156398 | 6950 hours | $ 30,000.00 | $ 35,000.00 |
| 3 | 2014 | DOOSAN | DX225 EXCAVATOR | NOP 300 | CEBAO-07327 | 1482 hours | $ 60,000.00 | $ 90,000.00 |
| 4 | | BOMAG | Roller Compactor | | | 2807 hrs | $ 16,000.00 | $ 19,000.00 |

11. The Debtor's Schedule D indicates there are no secured creditors.

12. Based on the Debtor's Schedules, the Small Tools and Heavy Equipment are unencumbered.

## Material Terms of Sale

13. The Trustee has selected the Liquidator to conduct a private sale of the Small Tools and Heavy Equipment (the "personal property") to third parties.

14. The Proposed Liquidator is disinterested and is experienced in the retail selling of personal property and is qualified in matters of this character.

15. The Trustee requests authorization to enter into sales letter agreements for each item of personal property sold in the form attached as **Exhibit "1"** to the Declaration of Mark Heath.

5

16. The Proposed Liquidator, for its services, will charge the estate a fee of 15% of the gross sales proceeds, and costs of sale. The Proposed Liquidator will only sell the personal property to unrelated third parties, and will not sell any of the personal property to any of its shareholders, officers or directors, employees, or other insiders. The payment terms are fair for services of this nature and are commensurate with the charges of other liquidation firms in the area.

17. The Trustee believes that Proposed Liquidator will be motivated to sell the personal property for the highest and best gross sales price to third parties because its compensation will be a percentage of the overall gross sales price.

18. The Trustee requests that the Court authorize the Trustee to make payment from the gross sales proceeds, without need of further Court Order, upon the sale of each item of personal property, to the Proposed Liquidator for payment of its fees of 15% of the gross sales proceeds and costs of sale, and to hold the balance of proceeds pending further Order of this Court.

## II. APPLICABLE LAW

Section 363(b) of the Bankruptcy Code authorizes the trustee to sell property of the estate outside the ordinary course of business. 11 U.S.C. Section 363(b). The requirements of Section 363(b) protect the creditors' interest in the assets of the estate. *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996). The proposed sale of estate assets under Section 363(b) must show a

valid business justification and good faith. *In re 240 North Brand Partners, Ltd.*, 200 B.R. at 659.

## III. LEGAL ANALYSIS

The Court may approve the sale of the Personal Property, pursuant to Bankruptcy Code Section 363, and may determine that the buyers of the Personal Property are a good purchaser pursuant to Bankruptcy Code Section 363(m).

First, the Trustee has a valid business justification to sell the Personal Property, i.e., to liquidate the estate's assets promptly so distribution to creditors can be made as quickly as possible. The terms and method of the proposed sale(s) is reasonable under the circumstances. The proposed Liquidator is disinterested, and will sell the Personal Property to third parties at the highest offer. From the proceeds of sale, the Trustee proposes to pay the proposed Liquidator a commission of 15% of the gross sale proceeds, plus costs.

Second, because the Personal Property is unencumbered, pursuant to Section 363(f)(3), the price at which such property is to be sold is greater than the aggregate value of all liens (none scheduled) on such property. Accordingly, the Court may approve the sale of the Personal Property free and clear of all interests pursuant to Section 363(f)(3).

Third, because the terms of the compensation of the proposed Liquidator were negotiated at arms-length, and the terms of ultimate proposed sale(s) of the

Personal Property will be negotiated at arms-length with prospective purchasers, and because the Trustee believes the proposed sale is in the best interests of the estate, the Court may determine that the sale of the Personal Property are being purchased in good faith within the meaning of Bankruptcy Code Section 363(m).

## IV. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter and order authorizing the Trustee to sell the Small Tools and Heavy Equipment and employ the proposed Liquidator as described herein.

DATED: Tamuning, Guam, April 27, 2018.

/s/Mark Heath<br>
Mark Heath, CPA<br>
CHAPTER 7 TRUSTEE

THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM
BANKRUPTCY DIVISION

| | |
|---|---|
| In re<br><br>P & E CONSTRUCTION, INC.,<br><br>　　　　Debtor. | Bankruptcy Case No. 18-00026<br>(Chapter 7)<br><br>Judge: Hon. Frances M. Tydinco-Gatewood |

## DECLARATION OF MARK HEATH

I, MARK HEATH, hereby declare:

I am over the age of 18 years old, and I am competent to make this declaration. Except as otherwise stated, I make this declaration upon my personal knowledge. If called and sworn as a witness, I could and would testify competently thereto.

1. I am the Chapter 7 Trustee in this case.

1

2. The Small Tools to be sold as described in the Motion are identified and described as follows:

P & E Construction Inc.
Tools and Small Equipment

|    | Quantity | Description | Unit Price | Total Price |
|----|----------|-------------|------------|-------------|
| 1  | 1   | Haulotte Scissor Lift - 20 Feet | $ 10,000.00 | $ 10,000.00 |
| 2  | 1   | Haulotte Scissor Lift - 37 Feet | $ 13,000.00 | $ 13,000.00 |
| 3  | 1   | Snorklift | $ 15,000.00 | $ 15,000.00 |
| 4  | 1   | Ogura BC 25 - Bar Cutter | $ 500.00 | $ 500.00 |
| 5  | 1   | Husky Air Compressor 80 Gallon | $ 400.00 | $ 400.00 |
| 6  | 1   | Acetylene / Oxygen | $ 200.00 | $ 200.00 |
| 7  | 1   | Mikasa Power Trowel | $ 300.00 | $ 300.00 |
| 8  | 1   | Mikasa Power Trowel | $ 700.00 | $ 700.00 |
| 9  | 1   | Concrete Vibrator | $ 400.00 | $ 400.00 |
| 10 | 1   | Lawn Mower | $ 100.00 | $ 100.00 |
| 11 | 1   | Hilti Vacuum | $ 100.00 | $ 100.00 |
| 12 | 1   | Concrete Cutter | $ 800.00 | $ 800.00 |
| 13 | 1   | Water Blast | $ 500.00 | $ 500.00 |
| 14 | 2   | Bush Cutter | $ 100.00 | $ 200.00 |
| 15 | 3   | Concrete Mixer | $ 400.00 | $ 1,200.00 |
| 16 | 1   | Table Saw | $ 150.00 | $ 150.00 |
| 17 | 2   | Jumping Jack | $ 400.00 | $ 800.00 |
| 18 | 1   | Flat Tamper | $ 200.00 | $ 200.00 |
| 19 | 1   | Hilti Nail Gun | $ 400.00 | $ 400.00 |
| 20 | 1   | Ogura Bar Bender | $ 5,000.00 | $ 5,000.00 |
| 21 | 1   | Mikasa Walk Behind Roller | $ 4,000.00 | $ 4,000.00 |
| 21 | 1   | Welding / Generator | $ 800.00 | $ 800.00 |
| 22 | 500 | Shoring Jack | $ 12.00 | $ 6,000.00 |
| 23 | 1   | Teodolight | $ 500.00 | $ 500.00 |

3. The Heavy Equipment to be sold as described in the Motion is identified and described as follows:

| | YEAR | MAKE | MODEL | PLATE # | VIN # | | Fair Market Value | Fair Market Value |
|---|---|---|---|---|---|---|---|---|
| 1 | 1995 | FORD | STAKE TRUCK | 1148CV | 1FDNF80C2SVA02976 | | $ 9,000.00 | $ 10,000.00 |
| 2 | 2006 | JOHN DEERE | 410 BACKHOE | 669SEO | T0410JX156398 | 8950 hours | $ 30,000.00 | $ 35,000.00 |
| 3 | 2014 | DOOSAN | DX225 EXCAVATOR | NOP.300 | CEBAD-07527 | 1482 hours | $ 80,000.00 | $ 90,000.00 |
| 4 | | BOMAG | Roller Compactor | | | 2807 hrs | $ 18,000.00 | $ 19,000.00 |

4. The Trustee has a valid business justification to sell the Small Tools and Heavy Equipment (the "Personal Property"), i.e., to liquidate the estate's assets promptly so distribution to creditors can be made as quickly as possible.

5. The compensation of the proposed Liquidator (Blake's) was negotiated at arms-length, and are reasonable under the circumstances. The proposed Liquidator is disinterested, and will sell the Vehicles to third parties at the highest offer. The proposed Liquidator will only sell the Vehicles to unrelated third parties, and will not sell any of the Personal Property to any of its shareholders, officers or directors, employees, or other insiders. I believe this is a fair and reasonable method to sell the Personal Property. From the proceeds of sale, the Trustee proposes to pay the proposed Liquidator a commission of 15% of the gross sale proceeds, plus costs. I believe that the Proposed Liquidator will be motivated to sell the Vehicles for the highest and best gross sales price to third

3

parties because its compensation will be a percentage of the overall gross sales price.

6.	Because the Personal Property is unencumbered, pursuant to Section 363(f)(3), the price at which such property is to be sold is greater than the aggregate value of all liens (none) on such property. Accordingly, the Court may approve the sale of the Vehicles free and clear of all interests pursuant to Section 363(f)(3).

7.	The Trustee requests authorization to enter into sales letter agreements for each item of Personal Property sold in the form attached as **Exhibit "1"**.

8.	Because the terms of the compensation of the proposed Liquidator were negotiated at arms-length, and I believe the ultimate proposed sale of the Personal Property by the proposed Liquidator to third parties will be negotiated at arms-length, the Trustee believes the proposed sale is in the best interests of the estate, the Court may determine that the sale of the Personal Property is being purchased in good faith within the meaning of Bankruptcy Code Section 363(m).

I declare under penalty of perjury under the laws of the Territory of Guam and the United States that the foregoing is true and correct.

Dated: April 27 2018, at Tamuning, Guam.

/s/Mark Heath
MARK HEATH

4

# EXHIBIT "1"

## MARK HEATH, CHAPTER 7 TRUSTEE
## PMB 111, 1270 NORTH MARINE DRIVE, SUITE 101
## TAMUNING, GUAM 96913
## (671) 727-1919

[Buyer's name and address]
Hagatna, Guam 96910

    Re: Case No. 18-00026, In re P & E Construction – Letter Agreement for Sale of Personal Property

Dear [Buyer]:

    This letter agreement ("Agreement"), when fully executed will confirm the sale between Mark Heath ("Trustee"), Trustee of the Bankruptcy Estate of P&E Construction, Inc. Case No. 18-00026 ("Debtor"), and _____ ("Buyer") (collectively the "Parties").

    This Agreement concerns the Bankruptcy Estate's interest in the asset identified as the following Personal Property:

(Describe Personal Property:)_____

    Buyer proposes to make a lump sum payment to the Trustee to purchase the Personal Property. Buyer proposes and Trustee accepts the terms of sale for the Personal Property as follows:

1. Buyer shall pay $_____ in cash or cashier's check at closing to the Trustee in full satisfaction of purchase of the Personal Property.

2. Buyer has inspected the Personal Property and understands that this sale of the Personal Property is "as is" and "where is" with no warranties, express or implied.

3. Buyer is responsible for pick-up and delivery of items within 48 hours after closing at Buyer's own expense.

1

4. The Parties, at closing, shall be deemed to have mutually released one another, their successors and assigns of all claims, demands, or actions of whatsoever nature, whether or not presently known or suspected.

5. Upon payment of the complete purchase price, the Trustee will cooperate in the transfer of title.

6. This letter may be executed in separate counterparts.

DATE: _____, 2018

_____
MARK HEATH, TRUSTEE

DATE: _____, 2018

_____
BUYER'S SIGNATURE

_____
PRINT BUYER'S NAME

# THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM
# BANKRUPTCY DIVISION

| | |
|---|---|
| In re | Bankruptcy Case No. 18-00026 (Chapter 7) |
| P & E CONSTRUCTION, INC., | |
| Debtor. | Judge: Hon. Frances M. Tydinco-Gatewood |

## DECLARATION OF T.J. AFLAGUE

I, T.J. AFLAGUE, hereby declare:

I am over the age of 18 years old, and I am competent to make this declaration. Except as otherwise stated, I make this declaration upon my personal knowledge. If called and sworn as a witness, I could and would testify competently thereto.

1. I am the Vice-President of **SOUTH PACIFIC ASSET MANAGEMENT, INC. dba BLAKE'S CAR RENTAL** ("Blake's", "Company", or "Firm") located in Tumon, Guam. I have been involved in the business of selling used vehicles for about __10__ years, and have performed similar tasks for credit unions and other financial institutions.

1

2. Neither I nor the Company holds or represents any interest adverse to the bankruptcy estate of P & E Construction, Inc. ("Debtor") or affiliates of the Debtor.

3. The Company and I are disinterested persons in regard to the matters for which they are being engaged.

4. Neither I nor the Company has any connection with the Debtor, the Debtor's creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

5. Neither I nor the Company has agreed to share with any person the compensation to be paid for the services rendered in the above-captioned case.

6. The Company will sell the Small Tools and Heavy Equipment (the "Personal Property") as described in the Motion, to third parties at the highest offer. The Company will only sell the Personal Property to unrelated third parties, and will not sell any of the Personal Property to any of its shareholders, officers or directors, employees, or other insiders.

I declare under penalty of perjury under the laws of the Territory of Guam and the United States that the foregoing is true and correct.

Dated: April 21 2018, at Tamuning, Guam.

/s/
T.J. AFLAGUE

2

Case 18-00026   Document 30   Filed 04/27/18   Page 16 of 16